FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

MAY 22 2009

at 11 o'clock and _____ min. ___ M.
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ASSOCIATION OF APARTMENT OWNERS OF HOKUA AT 1288 ALA MONA,<br><br>        Plaintiff,<br><br>    vs.<br><br>WATTS WATER TECHNOLOGIES, INC., also known as WATTS REGULATOR COMPANY; MURRAY CORPORATION; BENJAMIN WOO ARCHITECTS, LLC; NOTKIN HAWAII INC.; ALBERT C. KOBAYASHI, INC.; HOKUA DEVELOPMENT GROUP, LLC; DORVIN D. LEIS CO., INC.; OETIKER CORPORATION, also known as OETIKER AMERIKA; BRETT HILL MANAGEMENT GROUP, LLC; JOHN AND JANE DOES 1-10; DOE PARTNERSHIPS 1-10; DOE CORPORATIONS 1-10; DOE GOVERNMENTAL AGENCIES 1-10; DOE ASSOCIATIONS 1-10,<br><br>        Defendants. | CIVIL NO. 08-00463 HG-KSC<br><br>FINDINGS AND RECOMMENDATION TO GRANT PLAINTIFF ASSOCIATION OF APARTMENT OWNERS OF HOKUA AT 1288 ALA MOANA'S PETITION FOR A HAW. REV. STAT § 6633-15.5 DETERMINATION THAT A SETTLEMENT BETWEEN PLAINTIFF AND DEFENDANTS HOKUA DEVELOPMENT GROUP, INC.; ALBERT C. KOBAYASHI, INC.; AND DORVIN D. LEIS CO., INC. WAS ENTERED INTO IN GOOD FAITH |

FINDINGS AND RECOMMENDATION TO GRANT PLAINTIFF ASSOCIATION OF
APARTMENT OWNERS OF HOKUA AT 1288 ALA MOANA'S PETITION FOR A HAW.
REV. STAT § 6633-15.5 DETERMINATION THAT A SETTLEMENT BETWEEN
PLAINTIFF AND DEFENDANTS HOKUA DEVELOPMENT GROUP, INC.; ALBERT C.
KOBAYASHI, INC.; AND DORVIN D. LEIS CO., INC. WAS
<u>ENTERED INTO IN GOOD FAITH</u>

On April 8, 2009, Plaintiff Association of Apartment

Owners of Hokua at 1288 Ala Moana ("Association") filed a

Petition for a Haw. Rev. Stat. § 6633-15.5 Determination That a

Settlement Between Plaintiff and Defendants Hokua Development

Group, Inc.; Albert C. Kobayashi, Inc.; and Dorvin D. Leis Co.,

Inc. Was Entered into in Good Faith ("Petition").  Defendants

Albert C. Kobayashi, Inc; Hokua Development Group, LLC; and

Dorvin D. Leis Co., Inc. ("Settling Defendants") joined the Petition and Defendant Murray Corporation filed a Statement of No Position. Defendants Watts Water Technologies, Inc.; Oetiker Corporation; Notkin Hawaii Inc.; and Benjamin Woo Architects, LLC ("Objecting Defendants") each filed memoranda in opposition to the Petition.

This matter came on for hearing on April 28, 2009, and again on May 12, 2009. After careful consideration of the Petition, the parties' memoranda, and the arguments of counsel, the Court HEREBY FINDS and RECOMMENDS that the district court GRANT the Petition.

Under Hawaii law, a party must petition the court for a hearing on the issue of whether a settlement was made in good faith and must serve notice to all known joint tortfeasors or co-obligors. See Haw. Rev. Stat. § 663-15.5(b). "The petition shall indicate the settling parties and, except for a settlement that includes a confidentiality agreement regarding the case or the terms of the settlement, the basis, terms, and settlement amount." Id. "Where a confidentiality agreement has been entered into regarding the claim or settlement terms, the court shall hear the matter in a manner consistent with preventing public disclosure of the agreement while providing other joint tortfeasors and co-obligors sufficient information to object to a proposed settlement." Id. Any non-settling alleged joint tortfeasor or co-obligor may file an objection and such party

2

bears the burden of proving a lack of good faith.   Id.

In Troyer v. Adams, the Hawaii Supreme Court adopted a "totality of the circumstances" approach for the § 663-15.5 analysis of whether a settlement was made in good faith.   See Troyer v. Adams, 102 Haw. 399, 425 (2003).   The Hawaii Supreme Court stated that a court may consider the following factors when determining whether a settlement was reached in good faith:

> (1) the type of case and difficulty of proof at trial, e.g., rear-end motor vehicle collision, medical malpractice, product liability, etc.; (2) the realistic approximation of total damages that the plaintiff seeks; (3) the strength of the plaintiff's claim and the realistic likelihood of his or her success at trial; (4) the predicted expense of litigation; (5) the relative degree of fault of the settling tortfeasors; (6) the amount of consideration paid to settle the claims; (7) the insurance policy limits and solvency of the joint tortfeasors; (8) the relationship among the parties and whether it is conducive to collusion or wrongful conduct; and (9) any other evidence that the settlement is aimed at injuring the interests of a non-settling tortfeasor or motivated by other wrongful purpose.

Id. at 427.   These factors are not exhaustive; the court may consider any other relevant factor.   Id.

The Objecting Defendants argue, among other things, that they cannot properly evaluate the confidential settlement agreement because the settling parties have not disclosed the terms of the agreement.   However, it appears from the memoranda submitted to the Court that the Objecting Defendants are aware of the key settlement terms.   Moreover, the agreement will be made

available to the non-settling Defendants pursuant to a protective order. If, after reviewing the agreement, the non-settling Defendants object to the Court's recommendation, they may timely ask this Court to reconsider its recommendation.

After considering the factors set forth in <u>Troyer</u>, the totality of circumstances, and reviewing the essential terms of the settlement, the Court finds that the settlement was reached in good faith for the purposes of HRS § 663-15.5. Significantly, the Court further finds that approving the settlement will likely facilitate repair of the property that is the subject of this suit, which should ultimately benefit the settling and non-settling parties.

CONCLUSION

In accordance with the foregoing, this Court FINDS and RECOMMENDS that the district court GRANT Plaintiff's Petition.

IT IS SO FOUND AND RECOMMENDED.

DATED: Honolulu, Hawaii, May 22, 2009.



Kevin S.C. Chang
United States Magistrate Judge

CV 08-00463 HG-KSC; <u>ASSOCIATION OF APARTMENT OWNERS OF HOKUA AT 1288 ALA MONA v. WATTS WATER TECHNOLOGIES, INC. ET AL</u>; FINDINGS AND RECOMMENDATION TO GRANT PLAINTIFF ASSOCIATION OF APARTMENT OWNERS OF HOKUA AT 1288 ALA MOANA'S PETITION FOR A HAW. REV. STAT § 6633-15.5 DETERMINATION THAT A SETTLEMENT BETWEEN PLAINTIFF AND DEFENDANTS HOKUA DEVELOPMENT GROUP, INC.; ALBERT C. KOBAYASHI, INC.; AND DORVIN D. LEIS CO., INC. WAS ENTERED INTO IN GOOD FAITH

4