**TOM PETRUS & MILLER, LLLC**

MICHAEL D. TOM            1655-0
Tel # 808.792.5802
mtom@tpm-hawaii.com
MARK K. MORITA            6740-0
Tel # 808.792.5822
mmorita@tpm-hawaii.com
1164 Bishop Street, Suite 650
Honolulu, Hawaii 96813
Facsimile No. 808.792.5809

Attorneys for Defendant
BRETT HILL MANAGEMENT GROUP, LLC

IN THE UNITED STATE DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ASSOCIATION OF APARTMENT OWNERS OF THE HOKUA @ 1288 ALA MOANA;<br><br>Plaintiff,<br><br>vs.<br><br>WATTS WATER TECHNOLOGIES, INC. aka WATTS REGULATOR COMPANY; MURRAY CORPORATION; BENJAMIN WOO ARCHITECTS, LLC; NOTKIN HAWAII, INC.; ALBERT C. KOBAYASHI, INC.; HOKUA DEVELOPMENT GROUP, LLC; DORVIN D. LEIS CO., INC.; OETIKER CORPORATION, aka OETIKER AMERIKA; BRETT HILL MANAGEMENT GROUP, LLC; JOHN | CIVIL NO. CV08-00463 HG KSC<br><br>FINDINGS AND RECOMMENDATIONS TO GRANT DEFENDANT BRETT HILL MANAGEMENT GROUP, LLC'S PETITION FOR DETERMINATION OF GOOD FAITH SETTLEMENT<br><br><br><br>Date:  August 7, 2009<br>Time:  9:30 a.m.<br>Magistrate Judge Kevin S.C. Chang |

| | |
|---|---|
| and JANE DOES 1-10; DOE | ) |
| PARTNERSHIPS 1-10; DOE | ) |
| CORPORATIONS 1-10; DOE | ) |
| GOVERNMENTAL AGENCIES 1-10; | ) |
| and DOE ASSOCIATIONS 1-10, | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

**FINDINGS AND RECOMMENDATION TO GRANT DEFENDANT BRETT HILL MANAGEMENT GROUP, LLC'S PETITION FOR DETERMINATION OF GOOD FAITH SETTLEMENT**

Before the Court is Defendant BRETT HILL MANAGEMENT GROUP, LLC's ("BHM") Petition for determination by this Court that the settlement between the BHM and Plaintiff ASSOCIATION OF APARTMENT OWNERS OF THE HOKUA @ 1288 ALA MOANA ("Plaintiff") is in good faith in accordance with Hawaii Revised Statutes § 663-15.5, as amended, and filed on July 2, 2009.

This matter came on for hearing on August 7, 2009. Glenn K. Sato, Esq., appeared on behalf of Plaintiff; Mark K. Morita, Esq., appeared on behalf of BHM; Kenneth T. Okamoto and Terence S. Yamamoto appeared on behalf of Defendant WATTS RADIANT, INC. and WATTS WATER TECHNOLOGIES, INC. aka WATTS REGULATOR COMPANY; Bruce M. Ito, Esq. appeared on behalf of Defendant BENJAMIN WOO ARCHITECTS, LLC.; Jane Kwan, Esq. appeared on behalf of Defendant NOTKIN HAWAII, INC.; Amanda Jane Weston, Esq. appeared on behalf of Defendant OETIKER CORPORATION aka OETIKER

AMERIKA; and Rhonda L. Ching, Esq. appeared on behalf of Defendant MURRAY CORPORATION.  After careful consideration of the Petition, the Position Statements, the Memorandums in Opposition filed herein and the Joinders filed thereto, and the arguments of counsel, the Court HEREBY FINDS and RECOMMENDS that the district court GRANT the Petition.

BHM and Plaintiff entered into a confidential settlement agreement.  BHM now seeks a determination that the confidential settlement agreement was entered in good faith.

Under Hawaii law, a party must petition the court for a hearing on the issue of whether a settlement was made in good faith and must serve notice to all known joint tortfeasors or co-obligors.  See Haw. Rev. Stat § 663-15.5(d).  The petition shall indicate the settling parties and, except for a settlement that includes a confidentiality agreement regarding the case or the terms of the settlement, the basis, terms, and settlement amount."  Id.  Any non-settling party may file an objection and such party bears the burden of proving a lack of good faith.  See id.

In Troyer v. Adams, the Hawaii Supreme Court adopted a "totality of the circumstances" approach for the § 663-15.5 analysis of whether a settlement was made in good faith.  See 102 Hawai'i 399, 425, 77 P.3d 83, 109 (2003).  The court noted that the statute's legislative intent focused more on "encouraging settlements than ensuring the equitable apportionment of liability."  See id. at 426, 77 P.3d at

110.  The court therefore rejected California's process of conducting "mini-trials" to determine the parties' probable liability before approving a settlement.  See id. at 426-27, 77 P.3d at 110-11.  The supreme court stated,

> the trial court may consider the following factors to the extent that they are known at the time of settlement: (1) the type of case and difficulty of proof at trial, e.g., rear-end motor vehicle collision, medical malpractice, product liability, etc.; (2) the realistic approximation of total damages that the plaintiff seeks; (3) the strength of the plaintiff's claim and the realistic likelihood of his or her success at trial; (4) the predicted expense of litigation; (5) the relative degree of fault of the settling tortfeasors; (6) the amount of consideration paid to settle the claims; (7) the insurance policy limits and solvency of the joint tortfeasors;(8) the relationship among the parties and whether it is conducive to collusion or wrongful conduct; and (9) any other evidence that the settlement is aimed at injuring the interests of a non-settling tortfeasor or motivated by other wrongful purpose.

Id. at 427, 77 P.3d at 111.  These factors are not exhaustive; the court may consider any other relevant factor.  See id.

     In the instant case, the Court finds that BHM and Plaintiff entered into the settlement in good faith.  After considering the factors set for in Troyer, the totality of circumstances, and after reviewing the essential terms of the settlement, the Court finds that the settlement was reached in good faith for the purposes of HRS § 663-15.5.

Thus, the Court recommends that the district court GRANT the Petition. The Court notes that in the event the district court adopts this Findings and Recommendation, the finding of good faith settlement shall result in the dismissal of all claims, counterclaims, cross-claims and third-party claims against BHM pursuant to HRS § 663-15.5(d).[1]

## CONCLUSION

In accordance with the foregoing, this Court FINDS and RECOMMENDS that the district court GRANT BHM's Petition filed July 2, 2009.

---

[1] HRS § 663-15.5(d) provides:

(d) A determination by the court that a settlement was made in good faith shall:

(1) Bar any other joint tortfeasor or co-obligor from any further claims against the settling tortfeasor or co-obligor, except those based on a written indemnity agreement; and

(2) Result in a dismissal of all cross-claims filed against the settling joint tortfeasor or co-obligor, except those based on a written indemnity agreement.

Haw. Rev. Stat. § 663-15.5(d).

IT IS SO FOUND AND RECOMMENDED.

DATED: Honolulu, Hawaii, August 20, 2009.



_____
Kevin S.C. Chang
United States Magistrate Judge

*Association of Apartment Owners of the Hokua @ 1288 Ala Moana v. Watts Water Technologies, Inc. aka Watts Regulator Company, et al.*, Civil No. CV08-00463 HG KSC; FINDINGS AND RECOMMENDATION TO GRANT DEFENDANT BRETT HILL MANAGEMENT GROUP, LLC'S PETITION FOR DETERMINATION OF GOOD FAITH SETTLEMENT