IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ASSOCIATION OF APARTMENT OWNERS OF THE HOKUA AT 1288 ALA MOANA,<br><br>　　Plaintiff<br><br>　　vs.<br><br>WATTS WATER TECHNOLOGIES, INC., aka WATTS REGULATOR COMPANY; MURRAY CORPORATION; BENJAMIN WOO ARCHITECTS, LLC; NOTKIN HAWAII, INC.; ALBERT C. KOBAYASHI, INC.; HOKUA DEVELOPMENT GROUP, LLC; DORVIN LEIS CO., INC.; OETIKER CORPORATION, aka OETIKER AMERIKA; BRETT HILL MANAGEMENT GROUP, LLC; JOHN and JANE DOES 1-10; DOE PARTNERSHIPS 1-10; DOE CORPORATIONS 1-10; DOE GOVERNMENTAL AGENCIES 1-10; and DOE ASSOCIATIONS 1-10,<br><br>　　Defendants. | CIVIL NO. 08-00463 HG-KSC<br><br>FINDINGS AND RECOMMENDATION TO GRANT: 1) PETITION FOR A HAW. REV. STAT. § 663-15.5 DETERMINATION THAT A SETTLEMENT BETWEEN PLAINTIFF AND DEFENDANT MURRAY CORPORATION IS IN GOOD FAITH; AND 2) PETITION FOR A HAWAII REVISED STATUTES § 663-15.5 DETERMINATION THAT A SETTLEMENT BETWEEN PLAINTIFF AND DEFENDANT BENJAMIN WOO ARCHITECTS, LLC, IS IN GOOD FAITH |

FINDINGS AND RECOMMENDATION TO GRANT: 1) PETITION FOR A HAW. REV. STAT. § 663-15.5 DETERMINATION THAT THE SETTLEMENT BETWEEN PLAINTIFF AND DEFENDANT MURRAY CORPORATION IS IN GOOD FAITH; AND 2) PETITION FOR A HAWAII REVISED STATUTES § 663-15.5 DETERMINATION THAT THE SETTLEMENT BETWEEN PLAINTIFF AND DEFENDANT BENJAMIN <u>WOO ARCHITECTS, LLC, IS IN GOOD FAITH</u>

Before the Court are: 1) Defendant Murray

Corporation's ("Murray") Petition for a Haw. Rev. Stat.

§ 663-15.5 Determination that a Settlement Between Plaintiff Association of Apartment Owners of the Hokua at 1288 Ala Moana ("Plaintiff") and Murray is in Good Faith, filed April 30, 2010; and 2) Defendant Benjamin Woo Architects, LLC's, ("BWA") Petition for a Hawaii Revised Statutes § 663-15.5 Determination that a Settlement Between Plaintiff and BWA is in Good Faith, filed May 4, 2010.

On May 12, 2010, Defendant Notkin Hawaii Inc. ("Notkin") filed Statements of No Position with respect to both Petitions.

On May 18, 2010, Defendant Murray filed a Statement of No Position with respect to BWA's Petition.

On May 19, 2010, Defendant Watts Radiant, Inc. ("Watts"), filed Statements of No Position with respect to both Petitions.

On June 1, 2010, Defedant Oetiker, Inc. ("Oetiker"), filed Statements of No Position with respect to both Petitions.

On June 2, 2010, Plaintiff filed Joinders with respect to both Petitions.

This matter came on for hearing on June 10, 2010.  Glenn K. Sato, Esq., appeared on behalf of Plaintiff; James R. Ferguson, Esq., appeared on behalf of Murray; Bruce Ito, Esq., appeared on behalf of BWA; and Jane Kwan, Esq., appeared on behalf of Notkin.  There being no opposition, and after careful consideration of the Petitions and the arguments of counsel, the Court HEREBY FINDS and RECOMMENDS that the district court GRANT the Petitions.

Murray and BWA each entered into confidential settlement agreements with Plaintiff and now seek a determination, pursuant to Hawaii Revised Statutes ("HRS") § 663-15.5, that the settlements are in good faith.  Plaintiff joins in the requests and Notkin, Watts, and Oetiker do not oppose the Petitions.

Under Hawaii law, a party must petition the court for a hearing on the issue of whether a settlement was made in good faith and must serve notice to all known joint tortfeasors or co-obligors.  See Haw. Rev. Stat. § 663-15.5(b).  "The petition shall indicate the settling parties and, except for a settlement that includes a confidentiality agreement

3

regarding the case or the terms of the settlement, the basis, terms, and settlement amount." Id. Any non-settling party may file an objection and such party bears the burden of proving a lack of good faith. See id.

In Troyer v. Adams, the Hawaii Supreme Court adopted a "totality of the circumstances" approach for the § 663-15.5 analysis of whether a settlement was made in good faith. See 102 Hawai'i 399, 425, 77 P.3d 83, 109 (2003). The court noted that the statute's legislative intent focused more on "encouraging settlements than ensuring the equitable apportionment of liability." See id. at 426, 77 P.3d at 110. The court therefore rejected California's process of conducting "mini-trials" to determine the parties' probable liability before approving a settlement. See id. at 426-27, 77 P.3d at 110-11. The supreme court stated,

> the trial court may consider the following factors to the extent that they are known at the time of settlement: (1) the type of case and difficulty of proof at trial, e.g., rear-end motor vehicle collision, medical malpractice, product liability, etc.; (2) the realistic approximation of

4

>          total damages that the plaintiff seeks;
>          (3) the strength of the plaintiff's claim
>          and the realistic likelihood of his or her
>          success at trial; (4) the predicted
>          expense of litigation; (5) the relative
>          degree of fault of the settling
>          tortfeasors; (6) the amount of
>          consideration paid to settle the claims;
>          (7) the insurance policy limits and
>          solvency of the joint tortfeasors; (8) the
>          relationship among the parties and whether
>          it is conducive to collusion or wrongful
>          conduct; and (9) any other evidence that
>          the settlement is aimed at injuring the
>          interests of a non-settling tortfeasor or
>          motivated by other wrongful purpose.

Id. at 427, 77 P.3d at 111.  These factors are not exhaustive; the court may consider any other relevant factor.  See id.

In the instant case, the Court finds that BWA, Murray, and Plaintiff, entered into settlements in good faith.  After considering the factors set forth in Troyer, the totality of circumstances, and after reviewing the essential terms of the settlements, the Court finds that the settlements were reached in good faith for the purposes of HRS § 663-15.5.

The Court recommends that the district court GRANT the Petitions.  The Court notes that in the event the district court adopts this Findings and

Recommendation, the finding of good faith settlement shall result in the dismissal of all claims, counterclaims, and cross-claims against Murray and BWA pursuant to HRS § 663-15.5(d).[1]

## CONCLUSION

In accordance with the foregoing, this Court FINDS and RECOMMENDS that the district court GRANT: 1) Murray's Petition for a Haw. Rev. Stat. § 663-15.5 Determination that a Settlement Between Plaintiff and Murray is in Good Faith, filed April 30, 2010; and 2) BWA's Petition for a Hawaii Revised Statutes § 663-15.5 Determination that a Settlement Between Plaintiff and

---

[1] HRS § 663-15.5(d) provides:

> (d) A determination by the court that a settlement was made in good faith shall:
>
> > (1) Bar any other joint tortfeasor or co-obligor from any further claims against the settling tortfeasor or co-obligor, except those based on a written indemnity agreement; and
>
> > (2) Result in a dismissal of all cross-claims filed against the settling joint tortfeasor or co-obligor, except those based on a written indemnity agreement.

Haw. Rev. Stat. § 663-15.5(d).

6

BWA is in Good Faith, filed May 4, 2010.

    IT IS SO FOUND AND RECOMMENDED.

    DATED: Honolulu, Hawaii, June 15, 2010.



    _____
    Kevin S.C. Chang
    United States Magistrate Judge

CV 08-00463 HG-KSC; ASSOCIATION OF APARTMENT OWNERS OF HOKUA AT 1288 ALA MOANA V. WATTS WATER TECHNOLOGIES, INC., et al.; FINDINGS AND RECOMMENDATION TO GRANT: 1) PETITION FOR A HAW. REV. STAT. § 663-15.5 DETERMINATION THAT A SETTLEMENT BETWEEN PLAINTIFF AND DEFENDANT MURRAY CORPORATION IS IN GOOD FAITH; AND 2) PETITION FOR A HAWAII REVISED STATUTES § 663-15.5 DETERMINATION THAT A SETTLEMENT BETWEEN PLAINTIFF AND DEFENDANT BENJAMIN WOO ARCHITECTS, LLC, IS IN GOOD FAITH