LAW OFFICES OF FRANK K. GOTO, JR.

FRANK K. GOTO, JR.   2235-0

BENNETT J. CHIN     6439-0

JANE KWAN           7976-0

888 Mililani Street, Suite 300

Honolulu, Hawaii  96813

Telephone No.: 531-4686

Facsimile No.:  531-4680

Attorneys for Defendant
NOTKIN HAWAII, INC.

### IN THE UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ASSOCIATION OF APARTMENT OWNERS OF THE HOKUA @ 1288 ALA MOANA,<br><br>Plaintiff,<br><br>vs.<br><br>WATTS WATER TECHNOLOGIES, INC. aka WATTS REGULATOR COMPANY; MURRAY CORPORATION; BENJAMIN WOO ARCHITECTS, LLC; NOTKIN HAWAII, INC.; ALBERT C. KOBAYASHI, INC.; HOKUA DEVELOPMENT GROUP, LLC; DORVIN D. LEIS CO., INC.; OETIKER CORPORATION, aka | CASE NO.  <u>CV08-00463 HG KSC</u><br><br>**FINDINGS AND RECOMMENDATION TO GRANT**: (1) PETITION FOR A HAW. REV. STAT. § 663-15.5 DETERMINATION THAT A SETTLEMENT BETWEEN PLAINTIFF AND DEFENDANT NOTKIN HAWAII, INC. IS IN GOOD FAITH; AND (2) PETITION FOR A HAW. REV. STAT. § 663-15.5 DETERMINATION THAT A SETTLEMENT BETWEEN PLAINTIFF AND DEFENDANTS WATTS WATER TECHNOLOGIES, INC. AKA WATTS REGULATOR COMPANY AND WATTS RADIANT, INC. IS IN GOOD |

| | |
|---|---|
| OETIKER AMERIKA; BRETT HILL MANAGEMENT GROUP, LLC; JOHN AND JANE DOES 1-10; DOE PARTNERSHIPS 1-10; DOE CORPORATIONS 1-10; DOE GOVERNMENTAL AGENCIES 1-10; and DOE ASSOCIATIONS 1-10, <br><br>　　　　　Defendants. | **FAITH** <br><br> TRIAL:  December 7, 2010 |

FINDINGS AND RECOMMENDATION TO GRANT:  (1) PETITION FOR A HAW. REV. STAT. § 663-15.5 DETERMINATION THAT A SETTLEMENT BETWEEN PLAINTIFF AND DEFENDANT NOTKIN HAWAII, INC. IS IN GOOD FAITH; AND (2) PETITION FOR A HAW. REV. STAT. § 663-15.5 DETERMINATION THAT A SETTLEMENT BETWEEN PLAINTIFF AND DEFENDANTS WATTS WATER TECHNOLOGIES, INC. AKA WATTS REGULATOR COMPANY AND WATTS RADIANT, INC. IS IN GOOD FAITH

Before the Court are:  (1) Defendant NOTKIN HAWAII, INC.'S ("Notkin") Petition for a Haw. Rev. Stat. § 663-15.5 Determination that a Settlement Between Plaintiff and Notkin is in Good Faith, filed on June 30, 2010 ("Notkin's Petition"); and (2) Defendants WATTS WATER TECHNOLOGIES, INC. aka WATTS REGULATOR COMPANY AND WATTS RADIANT, INC. ("Watts") Petition for a Haw. Rev. Stat. § 663-15.5 Determination that a Settlement Between Plaintiff and Watts is in Good Faith, filed on July 12, 2010 ("Watts' Petition").

On July 7, 2010 Plaintiff ASSOCIATION OF APARTMENT OWNERS OF THE HOKUA @ 1288 ALA MOANA ("Plaintiff") filed a Joinder to Notkin's Petition.

On July 16, 2010 Defendant Watts filed a Statement of No Position with respect to Notkin's Petition.

On July 19, 2010 Defendant Notkin filed a Statement of No Position with respect to Watts' Petition.

On July 19, 2010 Plaintiff filed a Joinder to Watts' Petition.

On July 22, 2010, Defendant Oetiker, Inc. ("Oetiker") filed Statement of No Positions with respect to both Notkin and Watts' Petitions.

On August 6, 2010, Defendants Murray Corporation and Benjamin Woo Architects, LLC were each dismissed with prejudice pursuant to Stipulations for Dismissal with Prejudice of all Claims following the entry of an Order Adopting Magistrate's Findings and Recommendation to Grant: 1) Petition for a Haw. Rev. Stat. § 663-15.5 Determination that a Settlement Between Plaintiff and Defendant Murray Corporation is in Good Faith; and 2) Petition for a Hawaii Revised Statutes § 663-15.5 Determination that a Settlement Between Plaintiff and Defendant Benjamin Woo Architects, LLC. is in Good Faith, filed June 24, 2010.

This matter came on for hearing on August 9, 2010.  Glenn Sato, Esq.,

appeared on behalf of Plaintiff ASSOCIATION OF APARTMENT OWNERS OF THE HOKUA @ 1288 ALA MOANA; Jane Kwan, Esq. appeared on behalf of NOTKIN HAWAII, INC.; Terence S. Yamamoto, Esq. appeared on behalf of WATTS WATER TECHNOLOGIES, INC., WATTS REGULATOR CO. and WATTS RADIANT, INC.; and Amanda J. Weston, Esq., appeared on behalf of OETIKER, INC.  There being no opposition, and after careful consideration of the Petition and the arguments of counsel, the Court HEREBY FINDS and RECOMMENDS that the district court GRANT the Petition.

Notkin and Watts each entered into confidential settlement agreements with Plaintiff and now seek a determination, pursuant to Hawaii Revised Statutes ("HRS") § 663-15.5, that their settlements are in good faith. Plaintiff joins in the requests and Oetiker does not oppose the Petitions.

Under Hawaii law, a party must petition the court for a hearing on the issue of whether a settlement was made in good faith and must serve notice to all known joint tortfeasors or co-obligors.  See Haw. Rev. Stat. § 663-15.5 (b).  "The petition shall indicate the settling parties and, except for a settlement that includes a confidentiality agreement regarding the case or the terms of the settlement, the basis, terms, and settlement amount."  Id.  Any non-settling party may file an objection and such party bears the burden of proving a lack of good faith.  See id.

In Troyer v. Adams, the Hawaii Supreme Court adopted a "totality of

the circumstances" approach for the § 663-15.5 analysis of whether a settlement was made in good faith.  See 102 Hawai'i 399, 425, 77 P.3d 83, 109 (2003).  The court noted that the statute's legislative intent focused more on "encouraging settlements than ensuring the equitable apportionment of liability."  See id. at 426, 77 P.3d at 110.  The court therefore rejected California's process of conducting "mini-trials" to determine the parties' probable liability before approving a settlement.  See id. at 426-27, 77 P.3d at 110-11.  The supreme court stated,

> the trial court may consider the following factors to the extent that they are known at the time of settlement:  (1) the type of case and difficulty of proof at trial, e.g., rear-end motor vehicle collision, medical malpractice, product liability, etc.; (2) the realistic approximation of total damages that the plaintiff seeks; (3) the strength of the plaintiff's claim and the realistic likelihood of his or her success at trial; (4) the predicted expense of litigation; (5) the relative degree of fault of the settling tortfeasors; (6) the amount of consideration paid to settle this claims; (7) the insurance policy limits and solvency of the joint tortfeasors; (8) the relationship amount the parties and whether it is conducive to collusion or wrongful conduct; and (9) any other evidence that the settlement is aimed at injuring the interests of a non-settling tortfeasor or motivated by other wrongful purpose.

Id. at 427, 77 P.3d at 111.  These factors are not exhaustive; the court may consider any other relevant factor.  See id.

In the instant case, the Court finds that Notkin, Watts and Plaintiff, entered into settlements in good faith.  After considering the factors set forth in Troyer, the totality of circumstances, and after reviewing the essential terms of the

settlement, the Court finds that the settlements were reached in good faith for the purposes of HRS § 663-15.5.

The Court recommends that the district court GRANT the Petitions. The Court notes that in the event the district court adopts this Findings and Recommendation, the finding of good faith settlement shall result in the dismissal of all claims, counterclaims, and cross-claims against Notkin and Watts pursuant to HRS § 663-15.5(d).[1]

## CONCLUSION

In accordance with the foregoing, this Court FINDS and RECOMMENDS that the district court GRANT: (1) Notkin's Petition for a Haw. Rev. Stat. § 663-15.5 Determination that a Settlement Between Plaintiff and Notkin is in Good Faith, filed on June 30, 2010; and (2) Watts's Petition for a Haw. Rev. Stat. § 663-15.5 Determination that a Settlement Between Plaintiff and Watts is in Good Faith, filed on July 12, 2010.

---

[1] HRS § 663-15.5(d) provides:

> (d) A determination by the court that a settlement was made in good faith shall:
>
> (1) Bar any other joint tortfeasor or co-obligor from any further claims against the settling tortfeasor or co-obligor, except those based on a written indemnity agreement; and
>
> (2) Result in a dismissal of all cross-claims filed against the settling joint tortfeasor or co-obligor, except those based on a written indemnity agreement.

Haw. Rev. Stat. § 663-15.5(d).

IT IS SO FOUND AND RECOMMENDED.

DATED:  Honolulu, Hawaii, August 23, 2010.




Kevin S.C. Chang
United States Magistrate Judge

_____

CV08-00463 HG KSC; <u>Association of Apartment Owners of the Hokua @ 1288 Ala Moana v. Watts Water Technologies, Inc. et al.</u>; FINDINGS AND RECOMMENDATION TO GRANT :  (1) PETITION FOR A HAW. REV. STAT. § 663-15.5 DETERMINATION THAT A SETTLEMENT BETWEEN PLAINTIFF AND DEFENDANT NOTKIN HAWAII, INC. IS IN GOOD FAITH; AND (2) PETITION FOR A HAW. REV. STAT. § 663-15.5 DETERMINATION THAT A SETTLEMENT BETWEEN PLAINTIFF AND DEFENDANTS WATTS WATER TECHNOLOGIES, INC. AKA WATTS REGULATOR COMPANY AND WATTS RADIANT, INC. IS IN GOOD FAITH